IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL E. HOWARD,

                    Petitioner,

          v.                              CASE NO.  09-3092-SAC

SAM CLINE,
et al.,

                    Respondents.

O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas.  Having considered the materials filed, the court finds as follows.


CLAIM AND FACTUAL BACKGROUND

Petitioner was convicted by a jury in 1987 of one count of aggravated kidnaping, two counts of rape, and six counts of aggravated criminal sodomy involving a single victim.  He was sentenced under the Kansas Habitual Criminal Act to a term of life for the kidnaping conviction plus, in effect, a consecutive term of 35 years to life on the remaining convictions.  He seeks to challenge his sentences, which were pronounced on July 29, 1987[1].

---

[1]     The journal entry filed approximately two weeks later reflected a sentence of "life, plus 35 years to life."  State v. Howard, 287 Kan. 686, 694, 198 P.3d 146 (Kan. 2008).  More specifically, the state court found:

> According to the 1987 journal entry of judgment, the court imposed a base sentence of life on Count I, the aggravated kidnapping charge; sentences of 20 years to life on Counts IV and VIII, the rape charges; and sentences of 15 years to life on Counts II, III, V, VI, VII, and IX, the aggravated criminal sodomy charges.  The rape sentences were concurrent with each other, but consecutive to the aggravated kidnapping sentence.  Similarly, the aggravated criminal sodomy sentences were concurrent with each other, but consecutive to the rape sentences.  In short, according to the journal entry, Howard was to serve a life sentence, consecutive to two concurrent sentences

He claims he was illegally resentenced to a harsher sentence on the following day when the judge, on his own motion, held a hearing to clarify the sentence.   Petitioner directly appealed on different grounds than the issue raised herein, and the Kansas Supreme Court affirmed on October 28, 1988.  State v. Howard, 243 Kan. 699, 763 P.2d 607 (1988).

In 1994, Mr. Howard filed a federal habeas corpus petition, which was denied on September 24, 1997.  Howard v. Nelson, 980 F.Supp. 381 (D.Kan. 1997), aff'd 161 F.3d 17 (10th Cir. Oct. 6, 1998).   The claim raised in the instant Petition is entirely different from, and is not shown to relate back to, the claims raised in Howard's first federal petition.

Mr. Howard raised the instant claim for the first time in a Motion to Correct Illegal Sentence pursuant to K.S.A. § 22-3504 filed on April 12, 2007.  This motion was denied without a hearing or appointment of counsel on May 29, 2007.  The denial was affirmed by the Kansas Supreme Court on December 19, 2008.  Kansas v. Howard, 287 Kan. at 686.

**FILING FEE**

Petitioner has neither paid the filing fee nor filed a motion for leave to proceed without prepayment of fees.  He attached a copy of a summary of his institutional account to the back of his Petition, which does not cover the appropriate time period.  He will

_____

of 20 years to life, which were in turn consecutive to six concurrent sentences of 15 years to life.

Id. at 687.

be given time to file a proper motion on forms provided by the court and must support it as required by statute by attaching a certified copy of his institutional account that includes financial information for the six-month period immediately preceding the filing of this Petition.   If he fails to satisfy the filing fee prerequisites within the prescribed time, this action may be dismissed without further notice.


**SECOND AND SUCCESSIVE**

There are two other threshold matters that must be determined before this court may consider the merits of petitioner's claim. First and foremost, since Mr. Howard has already filed a federal habeas corpus petition which was denied, the instant Petition appears to be "second or successive."   As such, it is subject to dismissal even though he raises a "new ground for relief."   28 U.S.C. § 2244(b)(2)[2]; see Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).   Under § 2244(b)(3)(A), a second or successive petition for habeas corpus may be filed in the district court only if the applicant first obtains an order from the appropriate federal court

---

[2]       28 U.S.C. § 2244(b)(2) provides:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence . . . .

Id.   Petitioner's claim does not rely on a new retroactive rule of constitutional law.   Nor is it based upon facts that could not have been discovered in a timely manner through the exercise of due diligence.   See also 28 U.S.C. § 2244(d)(1)(D). The facts underlying this claim were obviously available at or within a day of sentencing.

of appeals authorizing the federal district court to consider the petition. Id. ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Gray v. Mullin, 171 Fed.Appx. 741, **1 (10th Cir.), cert. denied, 549 U.S. 905 (2006).  This statutory requirement for prior authorization is jurisdictional.  See 28 U.S.C. § 2244(b)(3)(A); see also Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997)(per curiam)("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals."); White v. Sirmons, 2009 WL 57094 (W.D.Okla. 2009). Because the instant Petition is a successive application, and because there is no indication in the materials filed that petitioner has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit, this court is without jurisdiction to consider the merits of petitioner's claim.

**STATUTE OF LIMITATIONS**

The second threshold issue is that the instant Petition appears to be time-barred.  The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Id.  A statutory exception exists in that the "time during which a

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

As noted, petitioner's convictions and sentences were affirmed on direct appeal by the Kansas Supreme Court on October 28, 1988, and he did not file a petition for a writ of certiorari in the United States Supreme Court. It follows that direct review and his sentences became "final," as that term is used in § 2244(d)(1)(A), after the ninety days for filing a petition for certiorari expired, which was on or around January 26, 1989. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). The statute of limitations did not become effective until April 24, 1996, and defendants whose convictions became final prior to that date were given one year after the effective date to file a federal habeas corpus petition. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002). As a consequence, the one-year statute of limitations could have begun running in Mr. Howard's case as early as April 24, 1996. Unless petitioner had a "pertinent" state post-conviction action "properly filed" and pending[3] during the twelve months following the latter date, the statute of limitations ran

---

[3]     Petitioner notes that he filed a state habeas petition under K.S.A. § 60-1507 claiming ineffective assistance of counsel. However, he does not provide the date on which this state action was filed or any information as to its final denial on appeal. It appears that these 60-1507 proceedings were concluded prior to the filing of his first federal petition in June, 1994. See Howard v. Nelson, 980 F.Supp. at 383 FN 1. Dockets of the Kansas Appellate Courts available on-line indicate a Notice of Appeal to the Kansas Supreme Court was filed by Mr. Howard in his criminal case (87CR362) in 1993 (Appellate Case No. 70836), and an Order of Dismissal was entered in May, 1994. If this was the appeal of the denial of a 1507 motion, it had no tolling effect because it was filed and dismissed prior to passage of the statute of limitations in 1996.

unimpeded and expired on April 24, 1997[4].  The only state post-conviction action petitioner adequately describes in his Petition is his motion to correct illegal sentence that was not filed until several years later in 2007.

Petitioner does not allege facts that suggest a basis for equitable tolling.  <u>Woodward v. Williams</u>, 263 F.3d 1135, 1142-43 (10th Cir. 2001)("AEDPA's statute of limitations is subject to equitable tolling only when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.")(quotation omitted).  He makes some arguments as to why this action is not time-barred, but they are without merit.  He appears to mistakenly believe that he had one year after the appeal was denied on his 2007 motion to correct illegal sentence in which to file this federal habeas action.  However, the statute of limitations started when his sentences were "final" as explained above.  It did not start over years after it expired, simply because Mr. Howard filed a state post-conviction action.  <u>See Clark v. Oklahoma</u>, 468 F.3d 711 (10th Cir. 2006)("Only state petitions filed within the one year allowed by AEDPA will toll the statute of limitations."); <u>Fisher</u>, 262 F.3d at 1142-43 (A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.).  Moreover, even if Kansas law provides that a motion to correct an illegal sentence may be filed in state court at

_____

[4]     The court recognizes that petitioner's first federal habeas petition was pending through October 6, 1998, but does not find it necessary to determine its effect, or the precise dates the statute of limitations in this case began and expired.  This is because there is no indication that a tolling-type motion was pending throughout the several years subsequent to its conclusion and prior to petitioner's motion filed in 2007.

any time, that state law is separate from and does not alter the limitations period set by federal law for bringing a § 2254 petition in federal court.  Petitioner also blames his appellate attorney for not "looking into" this issue and bringing it to his attention.  However, he does not show that he exhausted a claim that appellate counsel was ineffective for failing to raise this particular issue on direct appeal.  Nor does he state facts showing why this issue could not have been raised before the federal statute of limitations expired.  He mainly argues the merits of his claims, but those arguments do not satisfy the fundamental miscarriage of justice exception to the federal statute of limitations by showing that a "constitutional violation has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993).

**TRANSFER OR DISMISSAL**

Petitioner in this case did not comply with the provisions of § 2244(b), but filed his Petition without obtaining prior authorization from the Tenth Circuit.  As a result, this Court lacks jurisdiction to address the merits of any § 2254 claim asserted in the Petition.  United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).  As another district judge observed:

> Until recently, district courts routinely transferred unauthorized second and successive § 2254 petitions to the Tenth Circuit Court of Appeals for the requisite authorization pursuant to 28 U.S.C. § 1631[5], often

---

[5]      Section 1631 provides in relevant part:

Whenever a civil action is filed . . . and [the] court finds that

7

operating under the assumption that such a transfer was required by Circuit precedent interpreting § 2244(b).

White, 2009 WL 57094 at *4 (citing Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)).  However, the Tenth Circuit has recently instructed that Coleman "should not be read to limit the traditional discretion given to district courts under § 1631."  In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  Instead, the district court pursuant to § 1631 may either transfer the action to the Tenth Circuit for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction.  Id.

The court finds that the interest of justice does not require transfer of the instant action to the Tenth Circuit Court of Appeals, and that it should instead be dismissed.  The three primary considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year federal limitations period; and (3) whether the claim is likely to have merit.  See id.

"The first consideration does not support transfer in this case because the statutory requirement for prior authorization of second or successive habeas petitions has been in effect for well over a decade, which makes it difficult for Petitioner to show that the initial filing of his petition in this Court was done in good faith."  White, 2009 WL at *4 (citing see Cline, 531 F.3d at 1252.).  Second, a dismissal will not make it any more difficult for

_____

there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . .

Id.

petitioner to comply with the applicable limitations period because the Petition is already barred by the statute of limitations and apparently has been for years.  Finally, the facts showing this case is time-barred lead the court to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed."  <u>Haugh v. Booker</u>, 210 F.3d 1147, 1150 (10th Cir. 2000).

For the foregoing reasons, the court declines to transfer this Petition to the Tenth Circuit for authorization[6], and finds it should be dismissed for lack of jurisdiction in accordance with 28 U.S.C. § 2244(b)(3).  Petitioner will be given time to show cause why this action should not be dismissed for the reasons stated herein.  If he does not adequately show cause within the prescribed time, this action will be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to file a properly supported motion for leave to proceed without prepayment of fees on forms provided by the court, and to show cause why this action should not be dismissed for lack of jurisdiction.

The clerk is directed to transmit to petitioner forms for filing a motion for leave to proceed without prepayment of fees.

**IT IS SO ORDERED**.

Dated this 22nd day of May, 2009, at Topeka, Kansas.

---

[6]     "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." <u>White</u>, 2009 WL 57094, *5 (citing <u>Cline</u>, 531 F.3d at 1252)(citing <u>Phillips v. Seiter</u>, 173 F.3d 609, 610 (7th Cir.1999)(noting it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

<u>s/Sam A. Crow</u>
U. S. Senior District Judge