**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CARL E. HOWARD,**

        **Petitioner,**

    v.                             CASE NO. 09-3092-SAC

**SAM CLINE,**
**et al.,**

        **Respondents.**

**O R D E R**

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was dismissed and all relief was denied by order entered July 17, 2009. The petition was found to be second and successive as well as time-barred. The matter is currently before the court upon petitioner's Motion for Reconsideration (Doc. 6). Having considered the motion, the court finds it should be denied.

The Tenth Circuit Court of Appeals discussed "self-styled" motions to reconsider as follows:

> The Federal Rules of Civil Procedure . . . do not recognize a motion to reconsider. Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). Accordingly, we construe a self-styled motion to reconsider in one of two ways. See Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995). If the motion is filed within ten days of the district court's entry of judgment, it is treated as a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. Id. If the motion is filed more than ten days after entry of judgment, it is treated as a Fed.R.Civ.P. 60(b) motion seeking relief from judgment. Id.

U.S. Gaskin, 145 F.3d 1347 (10th Cir. 1998, Table)[1]; Computerized

---

[1] The Tenth Circuit further explained:

The distinction is significant because a Rule 59(e) motion tolls the thirty-day period for appeal while a Rule 60(b) motion does not. Id. Thus, "an appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying

Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 FN 3 (10th Cir. 2002). Likewise, under this court's local rule, a party must seek reconsideration of a dispositive order pursuant to either Fed.R.Civ.P. Rule 59(e) or Rule 60.  D. Kan. Rule 7.3(a). Petitioner's Motion for Reconsideration was filed less than ten days after entry of judgment in this matter.  Accordingly, it is treated as a motion for relief from judgment under Fed.R.Civ.P. Rule 59(e).

Neither a Rule 59(e) motion nor a Rule 60(b) motion is a vehicle to rehash or reargue issues previously addressed by the court, or to present new supporting facts or advance new legal arguments which were available at the time of the original filings. Wilkins v. Packerware Corp., 238 F.R.D. 256, 263 (D.Kan. 2006)(citing Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996)), aff'd, 260 Fed.Appx. 98 (10th Cir. 2008), cert. denied, 520 U.S. 1181 (1997)); see Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Resolution Trust Corp. v. Greif, 906 F.Supp. 1446, 1456(1) (D.Kan. 1995).  Relief under either rule is "extraordinary and may be granted only in exceptional circumstances."  See Servants, 204 F.3d at 1009.  The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief. Van Skiver v. United States, 952 F.2d 1241, 1243-44 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

It has generally been held that a motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e) need not be granted unless

---

judgment." Id. (citing multiple cases).
Id. at *2.

the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Wilkins, 238 F.R.D. at 263 (citing see Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995)); see also Servants, 204 F.3d at 1012. Upon careful review of petitioner's motion, the court finds he does not present an intervening change in law or new evidence that was previously unavailable. Nor does he convince the court that it must alter or amend its judgment to correct clear error or prevent manifest injustice. The court finds that petitioner's motion does nothing more than reargue the merits of his claims and advance new arguments which could have been presented in the petitioner's original filings. The reasons for this court's dismissal of Mr. Howard's Petition were explained in its orders dated May 22, 2009 and July 16, 2009. The court concludes that petitioner has failed to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate those orders.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration (Doc. 6) is treated as a Motion under Fed.R.Civ.P. Rule 59(e) and denied.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge